LILLIAN D. IRMISCH, Landlord, *v.* SAMMUEL KAPLAN, Tenant.

County Court, Suffolk County, August 25, 1954.

*Stephen T. Voit* for landlord.

*Oscar Murov* for tenant.

HAZLETON, Acting County Judge. This is a summary proceeding wherein the landlord seeks to dispossess the tenant on the ground of the latter's holding over after expiration of a lease.

The landlord and tenant entered into a written lease for a term of three years commencing March 15, 1948, with an option to renew for another two years until March 15, 1953. The tenant was to use the premises as a dental office and an apartment for his family. This lease has expired. From evidence introduced at the trial it appears that the tenant, at some time during 1952, removed his family from the premises and took up residence elsewhere. It further appears that at all times from the commencement of the lease the premises were used primarily as a dental office from which the tenant derived a substantial income, and that at no time since 1952, when the tenant moved his residence, have the premises been used or intended to be used as a residence.

The tenant first contends in his answer that this court is without jurisdiction in that the premises are subject to the

State Residential Rent Law (L. 1946, ch. 274, as amd.), on the assumption that the premises are necessarily subject to that law, and contends further that the petition is fatally defective in that it fails to allege compliance with the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission. He also objects to the introduction of any evidence by the landlord with regard to the present status, condition and use of the premises on grounds that it does not tend to establish the truth of any of the allegations of the petition.

The petition is not defective on its face as it does not allege the premises as being " ' Housing accommodation ' " within the definition of the State Residential Rent Law, and hence does not automatically require allegations of compliance with the State Rent and Eviction Regulations. The jurisdictional question is entirely dependent upon whether the premises here involved are in fact " ' Housing accommodation ' " within the meaning of the law or not. This is a question of fact put in issue by the tenant's first affirmative defense that the premises are subject to the State Residential Rent Law. The evidence introduced by the landlord at the trial, and objected to by the tenant, is relevant to show whether or not the premises were " ' Housing accommodation ' " within the meaning of the law and hence subject to same, and consequently is highly essential to the landlord's case. Such proof is not dependent on the allegations of the petition, as the question was only put in issue by tenant's defense.

From all evidence introduced at the trial it is the opinion of this court that the premises in question were not " ' Housing accommodation ' " within the definition of the State Residential Rent Law at the time the landlord first sought his relief, and had not been for some time prior to that. Subdivision 2 of section 2 of the State Residential Rent Law defines " ' Housing accommodation ' " as " any building " etc., " occupied or intended to be occupied   *   *   *   as a residence, home, sleeping place ", etc., and the court is not satisfied that the premises herein were occupied as such or intended to be so used at any time since the tenant removed his family to another residence. Furthermore, the court is convinced that the landlord is acting in good faith and is not attempting to use a commercial lease as an attempt to evade rent regulations. It is evident that the premises have been used in the past primarily for commercial reasons from which the occupants thereof have derived a substantial income. The tenant has established his new dental office across the street from the premises under consideration,

where he had previously practiced. What the tenant now apparently seeks to do is still to hold on to the old premises so that the landlord cannot relet them. Probably the tenant is fearful that the landlord might rent the old premises to another dentist who in turn might cut into the tenant's practice that he now conducts across the street. The landlord should therefore be entitled to pursue her usual remedy at law.

Petition granted. Submit final order.